UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| CHARLES LEE DEWEY, III, <br><br> Plaintiff, <br><br> v. <br><br> FOGLE and GOODWIN, <br><br> Defendants. | CAUSE NO. 1:24-CV-525-CCB-SJF |

**OPINION AND ORDER**

Charles Lee Dewey, III, a prisoner without a lawyer, filed a complaint. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Dewey alleges that on July 26, 2024, he was being transported to court from the Allen County Jail by Officer Goodwin and Officer Fogle. They placed him in shackles (ankle cuffs), even though the shackles were not used for any of his court dates in the weeks or months before this. Dewey says the cuffs rubbed his ankles raw and made them bleed. He reports that he told the officers about this, but they refused to adjust the shackles. Dewey was later treated by nursing for his injuries, which took several months to heal and were very painful. Dewey grieved this to shift command and was

told that officers are supposed to adjust his shackles if he says he is in pain and that proper use of the shackles should not cause harm to the wearer. Dewey sues Officer Fogle and Officer Goodwin for the injuries he incurred from the shackles.

At the time this occurred, Dewey was a pretrial detainee, which means he is protected under the Fourteenth Amendment from being held in "conditions that 'amount to punishment.'" *Mulvania v. Sheriff of Rock Island Cnty.*, 850 F.3d 849, 856 (7th Cir. 2017) (quoting *Bell v. Wolfish*, 441 U.S. 520, 535 (1979)). The Fourteenth Amendment's protection includes reasonably protection from a substantial risk of serious harm. *Thomas v. Dart*, 39 F.4th 835, 841 (7th Cir. 2022).

An individual defendant violates the Fourteenth Amendment if he "did not take reasonable available measures to abate the risk of serious harm to [plaintiff], even though reasonable officers under the circumstances would have understood the high degree of risk involved, making the consequences of the defendants' conduct obvious." *Pittman v. Madison Cnty.* 108 F.4th 561, 572 (7th Cir. 2024) (emphasis omitted). "A jail official's response to serious conditions of confinement is objectively unreasonable when it is 'not rationally related to a legitimate nonpunitive governmental purpose' or is 'excessive in relation to that purpose.'" *Mays v. Emanuele*, 853 F. App'x 25, 27 (7th Cir. 2021) (quoting *Kingsley v. Hendrickson*, 576 U.S. 389, 398 (2015)). Of note, "negligent conduct does not offend the Due Process Clause," and thus allegations of negligence, even gross negligence, do not state a Fourteenth Amendment claim. *Miranda v. Cnty. of Lake*, 900 F.3d 335, 353 (7th Cir. 2018). Here, Dewey has plausibly alleged that the shackles were used in a way that presented a serious risk of harm to him and that the

officers acted unreasonably by not adjusting the shackles after Dewey complained of pain.

For these reasons, the court:

(1) **GRANTS** Charles Lee Dewey, III, leave to proceed against Officer Fogle and Officer Goodwin in their individual capacities for compensatory and punitive damages for unreasonably failing to adjust the shackles after Dewey complained of pain on July 26, 2024, causing injuries to his ankles in violation of the Fourteenth Amendment;

(2) **DISMISSES** all other claims;

(3) **DIRECTS** the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Officer Fogle and Officer Goodwin at the Allen County Jail, with a copy of this order and the complaint (ECF 1);

(4) **ORDERS** the Allen County Sheriff to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(5) **ORDERS**, under 42 U.S.C. § 1997e(g)(2), Officer Fogle and Officer Goodwin to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on July 14, 2025.

/s/*Cristal C. Brisco*
CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT